IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ASAI, INC. d/b/a ASAI ARCHITECTURE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-0041-CV-W-FJG |
| ) | |
| GUEST + REDDICK, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently, pending before the Court is defendants' Motion to Dismiss, or in the Alternative Transfer for Forum Non-Conveniens (Doc. # 17).

### I. BACKGROUND

This is a contractual dispute between ASAI and Guest + Reddick, Inc. regarding design services related to the expansion of the County's detention center and the construction of a new courthouse in Forth Smith, Arkansas. ASAI is an architectural firm located in Kansas City, Missouri. Guest + Reddick is an architectural firm located in Fort Smith, Arkansas. Guest + Reddick was retained by Sebastian County to perform design services for the detention center and the courthouse. Guest + Reddick retained ASAI as a consultant to provide schematic design and other services. At some point in time, Guest + Reddick terminated ASAI. From that point forward, Guest + Reddick performed all design services for the project. On October 6, 2008, ASAI sued Guest + Reddick in Sebastain County, Arkansas claiming breach of contract, unjust enrichment and misappropriation of confidential proprietary and copyrighted information. However,

on October 21, 2008, ASAI dismissed the case without prejudice. ASAI states that it filed suit in Arkansas to preserve its claims because Arkansas has a short statute of limitations. On December 2, 2008, ASAI refiled its lawsuit in the Circuit Court of Jackson County, Missouri. Guest + Reddick then removed the case to federal court. ASAI alleges that Guest + Reddick misappropriated plaintiff's design of the interior space of the courthouse without paying for it, in violation of the contract and copyright.

Defendant has moved for the case to be dismissed or in the alternative transferred pursuant to the doctrine of forum non conveniens. However, courts have recognized that when venue is proper, but there is another district that would be more convenient, 28 U.S.C. § 1404(a) applies. In Cox v. Generac Power Systems, Inc., No. 08-4278-CV-C-NKL, 2009 WL 1310417 (W.D.Mo. May 11, 2009), the Court stated:

> Since the enactment of § 1404(a), courts seldom apply the doctrine of forum non conveniens: 'With the relative ease of transfer under Section1404(a), the harsh step of dismissal of the action under the forum non conveniens principle has become unnecessary in most circumstances. Thus, it is only appropriate when the more convenient forum is in a foreign country or perhaps, under rare circumstances, that forum is a state court or a territorial court'.

Id. at *3 (citing 14D C. Wright, A.Miller & E. Cooper, Federal Practice & Procedure § 3828). Thus, the Court will analyze defendant's motion pursuant to 28 U.S.C. § 1404(a).

## II. STANDARD

Title 28 U.S.C. § 1404(a) provides three categories of factors to be considered: (1) convenience of the parties (2) convenience of the witnesses and (3) the interests of justice. Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir.

1997), cert. denied, 522 U.S. 1029 (1997). The analysis of potential venue transfers "require[s] a case-by case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). The Court may consider a variety of factors, but it is "ultimately the Defendants' burden to show that the § 1404(a) factors weigh 'strongly' in their favor." Medicap Pharmacies, Inc. v. Faidley, 416 F. Supp. 2d 678, 690 (S.D. Iowa 2006) (citing Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508 (1947)). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." Nelson v. Bekins Van Lines Co., 747 F.Supp. 532, 535 (D.Minn.1990).

### III. DISCUSSION

**A. Convenience of the Parties**

Plaintiff is a Missouri corporation located in Kansas City, Missouri. Guest + Reddick is located in Forth Smith, Arkansas. Guest + Reddick states that several of its employees, including its principals and shareholders are located in Fort Smith, Arkansas. Conversely, ASAI states that its principals are located in Kansas City, Missouri. Because each side would be forced to travel, regardless of how the motion is ruled, the Court finds that this factor is neutral and weighs neither in favor of nor against transfer.

**B. Convenience of the Witnesses**

Guest + Reddick states that it has identified twenty-five potential witnesses. Of these twenty-five witnesses, only two are located in Missouri. The other twenty-three witnesses are located in Arkansas. Guest + Reddick attached to its Motion to Transfer,

3

its Rule 26 initial disclosures. In the disclosures, Guest + Reddick lists the names of these witnesses and what subjects they are expected to testify about. There are several witnesses from the defendant's firm as well as a number of judicial and court personnel, who were involved in the design and building of the courthouse. If the case were to remain in Kansas City, defendant would not be able to compel the attendance of non-party witnesses because Fort Smith, Arkansas is located more than one hundred miles from Kansas City, Missouri.

Plaintiff lists two key witnesses who performed all of the design work for the project. Plaintiff states that these two witnesses are most qualified to discuss the similarity of the designs, the copyrighting of plaintiff's materials and the contract negotiations. These witnesses are both located in the Kansas City area.

In Houk v. Kimberly-Clark, 613 F.Supp. 923 (W.D.Mo. 1985), the Court stated:

> The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a). . . . This factor involves not merely a consideration of the number of witnesses located in or near the respective forums, but the nature and quality of their testimony in relationship to the issues of the case.

Id., at 928 (internal citations omitted).

Additionally, in American Standard Inc. v. The Bendix Corp., 487 F.Supp. 254, 262 (W.D.Mo. 1980), the Court stated, "if the party moving for transfer under § 1404(a) merely makes a general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, the motion for transfer based on convenience of witnesses will be denied." See also, Enterprise

4

its Rule 26 initial disclosures. In the disclosures, Guest + Reddick lists the names of these witnesses and what subjects they are expected to testify about. There are several witnesses from the defendant's firm as well as a number of judicial and court personnel, who were involved in the design and building of the courthouse. If the case were to remain in Kansas City, defendant would not be able to compel the attendance of non-party witnesses because Fort Smith, Arkansas is located more than one hundred miles from Kansas City, Missouri.

Plaintiff lists two key witnesses who performed all of the design work for the project. Plaintiff states that these two witnesses are most qualified to discuss the similarity of the designs, the copyrighting of plaintiff's materials and the contract negotiations. These witnesses are both located in the Kansas City area.

In Houk v. Kimberly-Clark, 613 F.Supp. 923 (W.D.Mo. 1985), the Court stated:

> The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a). . . . This factor involves not merely a consideration of the number of witnesses located in or near the respective forums, but the nature and quality of their testimony in relationship to the issues of the case.

Id., at 928 (internal citations omitted).

Additionally, in American Standard Inc. v. The Bendix Corp., 487 F.Supp. 254, 262 (W.D.Mo. 1980), the Court stated, "if the party moving for transfer under § 1404(a) merely makes a general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, the motion for transfer based on convenience of witnesses will be denied." See also, Enterprise

4

Rent-A-Car Co. v. U-Haul Intern., Inc., 327 F.Supp.2d 1032, 1046 (E.D.Mo. 2004)(Defendant did not meet its burden where it failed to provide the names of any proposed witnesses or the nature of their testimony). In the instant case, the defendant has satisfactorily identified each of its witnesses and listed not only their names and locations, but also outlined generally what topics the witnesses will be testifying about. While it is true that the plaintiff's two key witnesses are in Kansas City, the Court finds that the defendant has satisfied its burden of showing that it would be more convenient for the majority of witnesses to have the litigation transferred to Arkansas. Accordingly, the Court finds that this factor weighs in favor of transfer.

### C. Other Convenience Factors

In addition to the convenience of the parties and witnesses, the Eighth Circuit has also endorsed consideration of 1) accessability to records and documents, 2) the location where the conduct complained of occurred and 3) the applicability of each forum state's substantive law.

**1. Accessability to Records/Documents** - Defendant states that it prepared the contract at issue in its offices in Arkansas, where it maintains the contract and its entire project file. Plaintiff however states that its records and documents are located at its offices in Kansas City, Missouri. Therefore, the Court finds that this is a neutral factor in the analysis, because there are documents and records located in both locations.

**2. Location Where the Conduct Occurred** - Defendant states that the final as built plans that are the subject of this case were prepared and maintained in Fort Smith,

5

Arkansas and the actual projects are also located in Fort Smith. Plaintiff argues that all of the designs that are the subject of the litigation were created in Missouri. However, even though the designs were created in Missouri, if defendant misappropriated plaintiff's designs, that conduct occurred in Arkansas. Additionally, the fact that the projects were built in Arkansas, weighs in favor of transfer.

**3. Applicability of Each Forum State's Substantive Law** - Pursuant to the contract, Arkansas law governs the parties' dispute. Defendant argues that the District of Arkansas is more familiar with Arkansas law than is the District of Missouri. However, federal courts routinely apply the law of foreign jurisdictions, so the Court finds that this factor is neutral.

**D. Interest of Justice Factors**

When weighing this factor, considerations include:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

Terra Int'l, Inc., 119 F.3d at 696.

**1. Judicial Economy** - Neither plaintiff nor defendant address this factor and the Court does not find that there would be a significant savings of judicial resources if the case were transferred or retained in this jurisdiction. Accordingly, the Court finds that this factor is neutral.

**2. Plaintiff's Choice of Forum** - as previously noted, plaintiff's choice of forum is entitled to substantial deference. In Enterprise Rent-A-Car, the Court stated that it was

6

mindful that "it may not disturb a plaintiff's choice of forum unless a balance of relative considerations tips strongly toward the defendant." Id. 327 F.Supp.2d at 1046. Even though plaintiff is a Missouri corporation, the Court finds that the balance of factors weighs strongly in favor of transferring this case to Arkansas.

**3. Comparative costs to the parties** -Defendant states that if the case is not transferred to Arkansas, virtually all of its witnesses will be required to incur travel expenses from Arkansas to Missouri. Because defendant has listed twenty-five witnesses and plaintiff has listed only two witnesses, it would be substantially more expensive for defendant to try this case in Missouri, than it would for plaintiff's two witnesses to travel to Arkansas. Thus, the Court finds that this factor weighs in favor of transfer.

**4. Ability to Enforce a Judgment -** Neither party addresses this factor and the Court does not find that is applicable in this instance.

**5. Obstacles to a Fair Trial -** Plaintiff states that an Arkansas jury pool would likely be biased because the municipal projects were financed with Arkansas tax dollars. Plaintiff argues that Arkansas citizens would have a personal interest in the projects and matters involved in the litigation and that this would give rise to partiality. Through the voir dire process, the Court feels confident that the parties would be able to separate out those jurors who might have a personal bias. Thus, the Court does not find that this is a significant issue which would prevent transfer.

**6. Advantages of having a local court determine questions of local law** - Defendant states that Arkansas courts are more familiar with Arkansas substantive law

than is this Court. The Court has addressed this argument above and finds that this factor is neutral.

## IV. CONCLUSION

After weighing all of the considerations detailed above, the Court finds that defendants have met their burden of demonstrating that this case should be transferred to the District of Arkansas. Accordingly, for the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Transfer (Doc. # 17).


Date: 06/10/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge